

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ANTHONY CASTRO,               3:23-cv-01238-VAB

      Plaintiff,

vs.

STEPHANIE THOMAS
SECRETARY OF STATE; DONALD
JOHN TRUMP,

      Defendants.

NOVEMBER 1, 2023

**DEFENDANT DONALD JOHN TRUMP'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS**

**I.      INTRODUCTION**

Plaintiff's "Verified" Response to President Trump's Motion ("Response"), is nothing more than a loose collection of non-sequiturs. Plaintiff's Complaint does nothing to establish that his quixotic "candidacy" is a bona fide effort to secure delegates to the Republican National Convention (let alone secure the Republican nomination), nor that he would benefit in any tangible way if President Trump disappeared from the race tomorrow. Without any particularized benefit, Plaintiff lacks standing.

Next, Plaintiff seeks to manufacture a timing-based distinction to avoid political question concerns. But this distinction appears nowhere in and defies the clear logic of the cited caselaw. In addition, Plaintiff seeks to conflate questions of standing with questions of whether Section 3 provides a self-executing cause of action. This is an irrelevant digression. While indulging in drawn out non sequiturs, Plaintiff completely ignores the substance of several dispositive arguments, effectively conceding them for purposes of evaluating a motion to dismiss.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



President Trump therefore requests that the Complaint be dismissed for lack of jurisdiction and/or for failure to state a claim under Fed. R. Civ. P. 12(b).

## II.  LEGAL ARGUMENT

### A.  PLAINTIFF LACKS STANDING TO BRING ANY OF HIS CLAIMS

Plaintiff's standing argument rests upon a chain of speculation that remains untethered to any plausible factual allegation or legal support. Three federal courts have already held in cases brought by this very same Plaintiff that his allegations are insufficient to confer Article III standing—including one that ruled within the past week. *See Castro v. Trump*, Case No. 23-80015-CIV-CANNON (S.D. Fl. June 26, 2023), cert. denied, Case No. 23-117, __ S. Ct. __, 2023 WL 6379034 (Oct. 2, 2023); *Castro v. FEC*, Civil Action No. 22-2176 (RC), 2022 WL 17976630 (D.D.C. Dec. 6, 2022); *Castro v. N.H. Sec'y of State*, Case No. 23-cv-416-JL (D.N.H. Oct. 27, 2023). Additionally, four other federal courts have rejected similar actions brought by individual voters based on a lack of standing. *See Caplan v. Trump*, Case # 23-cv-61628-ROSENBERG (S.D. Fla. Aug. 31, 2023); *Schaefer v. Trump et al.*, Case No. 23-cv-1451 JLS (BLM), 2023 WL 6798507 (S.D. Cal. Oct. 13, 2023) (CM/ECF No. 6); *Sladek v. Trump*, Case No. 1:23-cv-02089-LTB-SBP (D. Colo. Oct. 18, 2023) (CM/ECF No. 12); and *Clark v. Weber*, Case No. 2:23-cv-07489-DOC-DFM (C.D. Cal. Oct. 20, 2023) (CM/ECF No. 35).

Plaintiff fails to allege facts sufficient to establish any of the required showings for Article III standing. The Complaint's highly attenuated claim of injury—that President Trump's presence on the 2024 ballot deprives Plaintiff of the political support he needs to win the Republican Party's nomination for the next President of the United States—strains way too far. That a vote *may* change in the future is insufficient to establish an injury-in-

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



fact for purposes of standing. *See Castro v. N.H. Sec'y of State*, Case No. 23-cv-416-JL at 11 (D.N.H. Oct. 27, 2023) ("[Castro's] claimed injury is also speculative, as it depends on what voters and contributors—independent, third parties—may do if Trump's name is not listed on the New Hampshire primary ballot. Castro provides no evidence that any Trump supporter would support Castro under that circumstance. . . . An injury based on speculation about the decisions of independent actors does not confer standing.").

Plaintiff's Response identifies no authority in support of his alleged competitive injury. First, Plaintiff's purported "campaign" is nothing more than a paper effort to "create[e] his own injury in order *to manufacture standing* to challenge Trump's eligibility to run for president," a procedure that "is not supported by the law." *Castro v. N.H. Sec'y of State*, Case No. 23-cv-416-JL at 12 (D.N.H. Oct. 27, 2023) (emphasis added). As the district court in New Hampshire found less than a week ago, "Castro makes no attempt to demonstrate that he is actually competing with Trump for votes and contributions, as required under the operative competitor standing theory. The evidence shows that Castro has not campaigned in New Hampshire *or elsewhere*. Castro has not provided any evidence suggesting that he has voters or contributors in New Hampshire *or elsewhere*, or that he will benefit from voter or contributor defections from Trump to himself. [footnote omitted] To the contrary, he acknowledges that he will not win any delegates in the primary." *Castro v. N.H. Sec'y of State*, Case No. 23-cv-416-JL at 10-11 (D.N.H. Oct. 27, 2023) (emphasis added). The same is true in this case. Plaintiff has failed to establish a concrete injury-in-fact.

Second, on traceability, Plaintiff merely states that "[i]t is common sense that Plaintiff would obtain more political support in the absence of Defendant Donald John

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



Trump, . . ." *See* ECF No. 27 at 5. To the contrary, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements . . . required by mere conclusory statements, do not suffice."). Plaintiff's failure to plausibly allege that his political obscurity is traceable to President Trump's planned 2024 candidacy is fatal. Indeed, the little notoriety that Plaintiff alleges that he has garnered is ironically because of President Trump—not in spite of him. *See* ECF No. 27 at 4 (identifying media attention in connection with Plaintiff's current legal strategy).

In his Response, Plaintiff does not meaningfully attempt to tie his sought-after redress to his alleged competitive injury. Instead, Plaintiff plainly seeks to prosecute a general grievance rather than redress any concrete, de facto injury. This will not suffice to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). There is no indication that if Plaintiff were successful, he would garner enough support to win the Connecticut primary.

**B.  THE FIRST AMENDED COMPLAINT PRESENTS A NONJUSTICIABLE POLITICAL QUESTION, WITH PLAINTIFF'S ATTEMPTED DISTINCTIONS BEING NON-SEQUITURS**

"[T]he vast weight of authority has held that the Constitution commits to Congress and the electors the responsibility of determining matters of presidential candidates' qualifications." *Castro v. N.H. Sec'y of State*, Case No. 23-cv-416-JL at 10-11 (D.N.H.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



Oct. 27, 2023) (footnote omitted). These courts were not fooled, as Plaintiff implies, by a "play on semantics" or "sanctionable frivolity" regarding the political question doctrine. *See* ECF No. 27 at 5-6. Rather, these decisions acknowledge the clear constitutional commitment of a candidate's qualifications to Congress, not the federal courts. President Trump's Motion identifies the constitutional underpinnings committing the issue to Congress and cites assorted caselaw recognizing that this issue mandates a textbook application of the political question doctrine.

In his Response, Plaintiff identifies no authority whatsoever supporting the exercise of subject matter jurisdiction here.

First, Plaintiff asserts that this issue has not been committed to a political branch because "the Electoral College Act no longer allow[s] for objections based on qualifications." ECF No. 27 at 9-10. But this conflates the *Constitution's commitment of the issue to Congress* (which triggers the political question doctrine) with *how Congress chooses to act on it* (which is the political question itself). *See generally Castro v. N.H. Sec'y of State*, Case No. 23-cv-416-JL at 15 n.27 (D.N.H. Oct. 27, 2023) ("Castro is correct that the Electoral Count Act was revised in 2022 . . . but, to the extent that he is arguing that this amendment limited the grounds for objections, that does not appear to be the case."). Moreover, Plaintiff ignores the other constitutional provisions that commit the issue of qualification to Congress. For example, Section 3 of the Fourteenth Amendment gives Congress authority to remove any disability under that section. U.S. Const. amend. XIV, § 3. The Twentieth Amendment contemplates procedures and *congressional* action in the event that an unqualified President-elect takes office. *See* U.S. Const. amend. XX, § 3. The Twenty-Fifth Amendment provides, "*Congress shall decide the issue*" of

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



Presidential incapacity. U.S. Const. amend. XXV (emphasis added). And the Constitution gives *Congress* (and Congress alone) the authority to remove the President from office. *See* U.S. Const. art. I, § 2, cl. 5. Congress's amendments to the Electoral College Act do not erase the political question posed here.

Second, Plaintiff emphasizes that the political question doctrine was an alternative, dicta holding in cases brought to disqualify then-candidates Barack Obama and John McCain. *See Kerchner v. Obama*, 669 F. Supp. 2d 477, 483 at n.5 (D.N.J. 2009), *aff'd*, 612 F.3d 204 (3d Cir. 2010); *Berg v. Obama*, 586 F.3d 234 (3d Cir. 2009); *Grinols v. Electoral College*, No. 2:12-cv-02997-MCE-DAD, 2013 WL 2294885, at *5–7 (E.D. Cal. May 23, 2013); *Robinson v. Bowen*, 567 F. Supp. 2d 1144 (N.D. Cal. 2008). "If these conclusions were dicta, it does not necessarily follow that they were wrong." *Fouts v. Maryland Cas. Co.*, 30 F.2d 357, 359 (4th Cir. 1929). That similar lawsuits suffered *multiple* jurisdictional defects—the same defects presented here—does not support Plaintiff's position.

Third and finally, Plaintiff claims that the political question doctrine "applies only after the major political parties hold their conventions and submit their nomination paperwork to the state for placement on the general ballot." ECF No. 27 at 7. There is simply no support for this distinction. Plaintiff claims "Courts have held" that this distinction applies, but he cites to none. *Id*. at 6. None of the political question cases cited above explicitly, or implicitly, tie the application of the doctrine to whether the action is filed before or after party conventions.

Rather, these decisions recognize that a candidate's qualifications for office are committed to Congress alone without temporal limitation. *See, e.g.*, *Grinols*, 2013 WL 2294885, at *4 ("[W]hether President Obama may legitimately run for office and serve as

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



President[] is a political question that the Court may not answer"); *Robinson*, 567 F. Supp. 2d. at 1147 ("Judicial review—if any—should occur only after the electoral and Congressional processes have run their course.").

Plaintiff's purported distinctions to the universe of caselaw dedicating candidate qualifications to Congress, rather than the federal courts, are unsupported and unavailing. President Trump, therefore, requests that the Complaint be dismissed with prejudice pursuant to Rule 12(b)(1) under the political question doctrine.

C. **SECTION THREE OF THE FOURTEENTH AMENDMENT IS NOT SELF-EXECUTING AND PLAINTIFF'S CLAIMS TO THE CONTRARY IS AHISTORICAL**

As set forth in detail in President Trump's Motion, Section Three is not self-executing; it requires an act of Congress to effectuate in federal court. *See* ECF No. 24 18-23. Were individual plaintiffs, individual secretaries of state, or individual federal courts vested authority to enforce Section Three in the absence of Congressional authorization, a patchwork of 51 state and district election laws would cause an intractable crisis. Plaintiff's argument in rebuttal is flatly wrong. Plaintiff claims that the "1870 Enforcement Act was created to grant individuals [*i.e.*, law enforcement] that otherwise did not have a direct injury . . . to remove public officials holding office in violation of Section Three." ECF No. 27 at 12. In other words, according to Plaintiff, Section Three was always self-executing and actionable by any aggrieved private party—but Congress enacted the Enforcement Act to give that same authority to district attorneys, too.

This argument conflates questions of standing with questions of whether Section 3 provides a private right of action. It is also ahistorical. The Fourteenth Amendment itself provides that "*Congress* shall have power to enforce, by appropriate legislation, the

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



provisions of this article." U.S. Const. amend. XIV, § 5 (emphasis added). One year after the Fourteenth Amendment's ratification, the Chief Justice of the Supreme Court rejected an attempt to disqualify a sitting judge under Section Three by a petitioner who had recently been sentenced by that judge. *In re Griffin*, 11 F.Cas. 7 (C.C.Va. 1869). The Chief Justice denied the petition, holding that Section Three "clearly requires legislation in order to give effect to it," that it is "beyond reasonable question" that Section Three is "to be made operative . . . by legislation of congress in its ordinary course," and that to allow petitioner to enforce it himself would unleash "manifold evils." *Id*. One year later, Congress enacted the Enforcement Act, which reads, "[I]t shall be the duty of the district attorney of the United States . . . to proceed against a [violator of Section Three] . . . and to prosecute the same to the removal of such person from office."

At this time, there is no implementing legislation that executes Section Three. The original Enforcement Act was codified as 13 Judiciary ch. 3, sec. 563 and later recodified into 28 Judicial Code 41—but in 1948, Congress repealed 28 U.S.C. § 41 in its entirety. *See* Act of June 25, 1948, ch. 646, § 39, 62 Stat. 869, 993; see also Act of June 25, 1948, ch. 645, § 2383, 62 Stat. 683, 808. More recent efforts to enact a cause of action under Section Three have died in Congress. See H.R. 1405, 117th Cong. 2021.

Plaintiff's revisionism is entitled to no credence. Section Three is not self-executing, and Plaintiff fails to state a plausible claim to the contrary.

D. **PLAINTIFF FAILS TO ADDRESS PRESIDENT TRUMP'S REMAINING BASES FOR DISMISSAL, WHICH EACH REMAIN INDEPENDENTLY DISPOSITIVE**

President Trump also moved to dismiss the Complaint because (i) Section Three does not apply to the President of the United States and (ii) there is no plausible allegation

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



that President Trump engaged in any conduct proscribed by Section Three. *See* ECF No. 24 at 23-38. The fact that Section Three applies neither to President Trump nor his alleged conduct is well supported by the text and history of Section Three itself. Plaintiff offers no rebuttal to these arguments. His failure to do so constitutes a waiver that permits this Court to dismiss on the "uncontroverted bases asserted." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also, e.g., United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) ("Generally, an appellee waives any argument it fails to raise in its answering brief."); *Jeffrey C. v. Kijakazi*, Case No. 3:22-cv-79-SI, 2023 WL 4760603, at *3 n.2 (D. Or. Jul. 26, 2023) (applying waiver principles to district court pleadings and noting even a "conclusory statement is insufficient to preserve the Commissioner's arguments on appeal.").

These unrebutted arguments doom Plaintiff's case. Even if this Court were to decline to enforce a waiver due to Plaintiff's *pro se* status (which it should not do),[1] his failure to address these arguments shines a spotlight on his substantive failure to state a claim. Section Three applies to "officer[s] of the United States" who have "taken an oath . . . to support the Constitution." U.S. Const. amend. XIV, § 3. Both the Constitution itself and judicial interpretations of it distinguish between "officers of the United States" and the President—and the former does not include the latter. *See* ECF No. 24 at 24 (citing *Free Enter. Fund v. Public Co. Acct. Oversight Bd.*, 561 U.S. 477, 497–98 (2010); *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, n.3 (2020)). And while some officers of the United States take the oath described in Section Three, the President does not. *See id.* at 26–27. Thus,

---

[1] Although in the context of litigation Plaintiff seeks to portray himself as a *pro se* plaintiff entitled to special solicitude, in his day-to-day life he depicts himself rather differently—as a practicing lawyer who holds two law degrees and heads an international tax firm. *See* https://www.castroandco.com/staff-profiles/john-anthony-castro-j-d-ll-m/

9



Section Three does not apply to President Trump, and Plaintiff's failure to establish that it does is fatal.

Nor does Section Three apply to President Trump's alleged conduct. Section Three proscribes those who "have engaged in insurrection or rebellion against [the United States], or given aid or comfort to the enemies thereof." U.S. Const. amend. XIV, § 3. There is no plausible allegation that President Trump did either of those things. *See* ECF No. 24 at pgs. 27-38. Because Plaintiff cannot plausibly allege any conduct violative of Section Three, Plaintiff re-writes Section Three to say what it does not. Plaintiff, in his Response, fails to address any of the several ways he misreads Section Three. Ignoring both the text, and the meaning, of the provision Plaintiff seeks to enforce here does not give rise to a plausible claim for relief.

### III.    CONCLUSION

For all the reasons set forth herein and in the Motion, each of which are independently dispositive of this case, President Trump requests that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

Dated this 1st day of November 2023.

```
                                        THE DEFENDANT
                                        DONALD JOHN TRUMP
                                        BY HIS ATTORNEY

                                          /s/ Peter C. Bowman
                                        Peter C. Bowman – ct28608
                                        BBB Attorneys, LLC
                                        3651 Main Street, Suite 200
                                        Stratford, CT 06614
                                        Phone: 203-562-0900
                                        Fax: 203-562-0902
                                        Email: filing@bbbattorneys.com
```

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



## CERTIFICATION

      I, Peter C. Bowman, hereby certify that on November 1, 2023, this document filed through the CM/ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing (NEF) or mailed via first class mail and electronically mailed to those indicated as non-registered participants.

John Anthony Castro
12 Park Place
Mansfield, Texas 76063
Via Email: j.castro@castroandco.com

                /s/ Peter C. Bowman
              Peter C. Bowman
              Federal Bar No. ct28608

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM